IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIQUA ROBINSON,<br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN ATLANTA<br>RAPID TRANSIT AUTHORITY,<br>    Defendant. | CIVIL ACTION NO.:_____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Niqua Robinson, by and through undersigned counsel, and hereby files this COMPLAINT against Defendant Metropolitan Atlanta Rapid Transit Authority, et al. (hereinafter Defendant or MARTA) and shows the Court as follows:

1.    Mr. Robinson was an employee of MARTA and brings this action against the Defendant for compensation for failure to pay overtime wages, lost wages, liquidated damages, attorney's fees, costs, interest and any other relief authorized under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") for losses suffered as a result of Defendant's unlawful acts.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon the District Court "of all civil actions arising under the Constitution, laws, or treaties of the United States." This action arises by way of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, a federal statute.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the acts, events and omissions which violated the FLSA occurred in the Northern District of Georgia.

4. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by delivering the Summons and Complaint to any officer, managing or general agent authorized to receive service of process at Defendant's principal office address of 2424 Piedmont Rd N.E., Atlanta, GA 30324-3311.

## ENTERPRISE AND INDIVIDUAL COVERAGE UNDER THE FLSA

5. Defendant is a Georgia Non-Profit Corporation that provides mass transportation to the public at large, and is an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant to this lawsuit Defendant was an enterprise with more than two employees and over $500,000.00 per year in sales or business.

7.     Mr. Robinson is an individual that worked with items that had been shipped in interstate commerce and worked around people moving in interstate commerce.

## FACTS THAT GIVE RISE TO THE FLSA VIOLATIONS

8.     Mr. Robinson worked for Defendant from October, 2011 through November, 2014.

9.     Mr. Robinson worked as an Elevator/Escalator Inspector.

10.    Mr. Robinson's duties included maintaining and servicing elevators and escalators within Defendant's terminals, as well as inspecting or approving work performed by other mechanics and inspectors.

11.    Mr. Robinson had little education for servicing elevators and escalators, instead he learned how to do his job through on-the-job training.

12.    Mr. Robinson was paid an hourly wage of $34.00 per hour.

13.    Mr. Robinson was not treated as salaried or exempt from the FLSA.

14.    Mr. Robinson was paid his regular wage for all hours worked; however, he typically worked between 10-15 hours over 40 every week during which he was employed.

15.    Mr. Robinson was not paid the time and a half wage required by 29 U.S.C. §207(a)(1) for those hours worked over 40 in a work week.

16. During his last year of employment, Mr. Robinson was also required to work two weekends per month performing "on call" or "stand-by" duties (hereinafter "on call duties").

17. These on call duties included travelling to different MARTA terminals to manually start units which did not automatically start, or performing emergency maintenance as required.

18. Mr. Robinson typically worked two 4-hour shifts during these on call duties.

19. Mr. Robinson was not paid any hourly wage for these on call duties.

20. By way of a letter from his attorney, Mr. Robinson brought these violations to the attention of the Defendant in September of 2015, and the Defendant failed to respond to Mr. Robinson's attorney.

## COUNT I VIOLATION OF FAIR LABOR STANDARDS ACT

21. Plaintiff reincorporates and readopts all allegations contained in paragraphs one through twenty above.

22. Plaintiff was entitled to be paid an hourly wage of $34.00 per hour worked.

23. Plaintiff was entitled to be paid the overtime wage of $51.00 per hour for each hour worked over 40 hours in any given work week.

24. Defendant did not pay Mr. Robinson time and a half for 10-15 hours per week and did not pay him at all for 16 hours per month of on-call duties.

25.     Defendant understood Mr. Robinson was not being paid any wage for the on call duties, and acted intentionally, willfully, and unlawfully in refusing to pay Mr. Robinson his appropriate regular and overtime wages.  Mr. Robinson has suffered damages plus incurred reasonable attorney's fees and costs.

26.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover lost wages, liquidated damages and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Robinson demands judgment against the Defendant for payment of all hours at the appropriate regular or overtime rate of pay, lost wages, liquidated damages, attorney's fees, costs, interest and all further relief the Court of Jury determines to be just and appropriate.

JURY DEMAND

Mr. Robinson requests a Jury Trial for all issues this Court deems appropriate for the jury.

Dated this 19th day of November, 2015.

/s/ *Thomas C. Wooldridge*
Thomas C. Wooldridge
Georgia Bar No. 384108

Wooldridge & Jezek, LLP
123 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Tel: 404-942-3300
Fax: 404-942-3301