# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made and entered into by and between NIQUA ROBINSON and the METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY (MARTA) (collectively, the "Parties").

### RECITALS

WHEREAS, Robinson filed suit against MARTA asserting claims at issue in this Agreement in the case styled *Robinson v. MARTA*, Case No. 1:15-CV-04065-ODE, U.S. District Court for the Northern District of Georgia (the "Litigation");

WHEREAS, MARTA expressly and with specificity denied and continues to deny all allegations raised by Robinson in his complaint and denies all liability and damages of any kind claimed by Robinson in the Litigation; and whereas MARTA filed a counterclaim for attorney's fees alleging that the action against it was frivolous;

WHEREAS, the Parties recognize that the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense;

WHEREAS, on May 8, 2017, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of continued litigation, the Parties arrived at an agreement as to all material terms to settle their claims on the terms and conditions set forth in this Agreement;

NOW THEREFORE, intending to be legally bound, and in consideration of the mutual promises, obligations, covenants, and agreements, and other good and valuable consideration set forth below, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1. **Consideration:** In order to reach an amicable resolution of Robinson's claims, MARTA agrees to pay a total of $50,000.00 (collectively the "Settlement Payment"), allocated as follows:

    (a) $10,000.00 to Robinson as minimum/overtime wages, damages, and expenses, and
    (b) $40,000.00 to Robinson's counsel (Thomas C. Wooldridge of Wooldridge & Jezek, LLP ) for attorney's fees and $619.00 costs.

2. **Settlement Payment Terms and Taxes:** The Settlement Payment shall be disbursed as follows:

    A. One-half of the settlement amount to Robinson for minimum wage and overtime claims in Section (1)(a) (i.e., $5,000.00) shall be allocated to settlement of Robinson's claim for alleged unpaid minimum and overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Robinson for minimum wage and overtime claims in Section (1)(a) (i.e.,

$5,000.00) shall be allocated to settlement of Robinson's claim for alleged unpaid liquidated damages and for expenses, which shall be paid separately without any deduction for any taxes or other withholdings, as non-employment income. The W-2 and 1099 payments shall be paid within fifteen (15) business days of the Court's approval of the Agreement ("Approval Order"), pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than ten (10) business days from the date of this Agreement.

        B.      The payment to Robinson's counsel for attorney's fees and costs pursuant to Section (1)(b) shall be paid to "Wooldridge & Jezek, LLP" ("Robinson's Counsel") by separate check without any deduction for any taxes or other withholdings (the "1099 fee payment") within fifteen (15) business days of the Approval Order. The 1099 fee payment shall be processed by 1099 issued to Robinson's Counsel using a W-9 for Wooldridge & Jezek, LLP. The settlement amounts paid to Robinson's Counsel for fees and costs constitute payment of Plaintiff's attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

        C.      Robinson warrants that he is not relying on any information provided by MARTA concerning the tax consequences of payments made under this Agreement. Robinson agrees to indemnify and hold MARTA harmless of and from any claims of Robinson or any third party, including governmental taxing authorities, for income taxes, FICA, or any other taxes of any kind relating to taxes owed by Robinson on the payments set forth in Paragraph (1).

        D.      Payment by the dates specified in Subsections (A) and (B) above shall be made by delivery of payment to Robinson's Counsel's office by the date provided in this Agreement.

**3.**      **Release:** In consideration for the payments set forth in Section 1 above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Robinson hereby releases, remises, and forever discharges MARTA, and its past, present, and future representatives, directors, officers, administrators, affiliates, agents, attorneys, and employees, personally and in their respective official capacities, and any other person or entity representing or succeeding to any such person or entity (hereinafter collectively "Releasees"), from any and all claims, demands, rights, charges, obligations, actions, interests, debts, liabilities, causes of action, suits at law or equity, rights, damages, costs, losses, attorneys' fees, expenses or compensation of any nature whatsoever, and/or any other claims for monetary, injunctive or other relief, which he may now have against them, whether known or unknown to him, either individually, jointly, or severally, or which may hereafter accrue, in any way arising out of the subject of his employment with or separation from MARTA and/or the Litigation; except that no portion of this release shall apply to any claims which may result from any future actions of MARTA or its agents occurring after the execution of this Agreement.

Robinson expressly waives and assumes the risk of any and all claims of any kind that exist as of this date but of which Robinson does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise and that, if known, would materially affect Robinson's decision to enter into this Settlement Agreement with MARTA. Robinson knowingly assumes the risk that the facts or law may be other than he believes.

4. **Non-Disparagement.** The Parties agree not to make or cause to be made or published, whether directly or indirectly, in any forum or media, public or private, except in the public docket associated with this case, any disparaging statements concerning any other Party or statements concerning the outcome of this litigation. This provision shall not apply to communications that either party is required to make to their respective advisors, including legal counsel or accountants, by law or pursuant to an order of the court. Nothing contained in this provision shall prohibit any Party from making any factual statement concerning the undisputed underlying facts of this litigation or the outcome of this litigation, if asked by a third-party.

5. **Court Approval:** Within ten (10) business days of the execution of this Agreement the Parties will file with the Court a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Robinson's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, MARTA agrees not to oppose the reasonableness of said fees and costs to the extent provided herein.

6. **No Admission of Liability:** This Agreement is made as a compromise between Robinson and MARTA for the complete and final settlement of all claims, differences and causes of actions raised by the Parties, the nature and merit of which are doubtful and/or disputed. The Parties agree and acknowledge that this Agreement and the payment set forth herein shall not be construed as an admission of wrongdoing, liability, responsibility, or culpability by either party in connection with the Litigation.

7. **Severability of Provisions:** If the Court does not approve this Agreement in whole or in part, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, to resolve the Court's objections and resubmit this Agreement for approval by the Court within ten (10) business days of any Order rejecting settlement approval. After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the Parties agree that the remaining terms of this Agreement shall not be affected and shall continue in full force and effect.

8. **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

9. **Extension of Time:** The Parties (or their respective counsel) may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

10. **Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by both Parties.

11. **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties (to include any Releasees) and their affiliates, administrators, beneficiaries, heirs,

executors, successors, and assigns.

**12. No Third-Party Beneficiaries:** Except as expressly stated herein, this Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**13. Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

**14. Headings and Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**15. When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end or delivery date of the promises or obligations contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**16. Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by any party, other than the representations and warranties expressly set forth in this Agreement.

**17. Effect of Signatures:** Execution by signed .pdf delivered by email shall be deemed effective as if executed in original.

**18. Corporate Signatories:** Each person executing this Agreement, including execution on behalf of MARTA, warrants and represents that such person has the authority to do so.

**19. Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**By Plaintiff:**

_/s/ Niqua Robinson_
NIQUA ROBINSON

Date: 5-25-2017

**By Defendant MARTA:**

_____

Name: _____

Title: _____

Date: _____